## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JOSHUA FRANKLIN,**

      **Plaintiff,**

**vs.**                                                    **Case No. 4:16cv470–MW/CAS**

**KIMBERLY PETERSON,**
**and LEODE DAVIS,**

      **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated within the Florida Department of Corrections, brought this civil rights action under 42 U.S.C. § 1983 against two officers employed at the Leon County Jail. Plaintiff's third amended civil rights complaint [hereinafter "complaint"], ECF No. 13, was served on the Defendants in August 2017, ECF No. 22, and Defendants filed answers in October 2017. ECF Nos. 24, 25. After issuance of Initial Scheduling Order in November 2017, ECF No. 27, Defendants filed a motion for summary judgment on March 30, 2018. ECF No. 37. A month later, Plaintiff filed a motion requesting leave to file a fourth amended complaint.

ECF No. 40.  Plaintiff seeks leave to add claims against six additional Defendants.  *Id.*

The additional claims which Plaintiff has alleged are brought against jail officials Mack, Collins, and Jackson for escorting Plaintiff to confinement under the direction of Defendant Peterson.  ECF No. 40-1. Plaintiff alleges he was sent to administrative confinement, not disciplinary confinement.  ECF No. 40-1 at ¶2.  Plaintiff's allegations also reveal that officials sought to separate Plaintiff from other inmates at the jail.[1]  *Id.* at ¶3.  Plaintiff alleges that he was escorted to the medical department in handcuffs and sometimes taken for court appearances without a haircut. *Id.* at ¶4-5.  Plaintiff also complains about other allegedly unconstitutional conditions of confinement.  *Id.* at ¶7-¶8.  Plaintiff does not, however, provide factual allegations which reveal which Defendant is responsible for any such condition.

Plaintiff seeks to bring suit against jail administrator John Schmidt for violating his due process rights.  *Id.* at ¶9.  Plaintiff does not, however,

---

[1] Plaintiff's allegations suggest he was kept separated from other inmates due to gang associations.  ECF No. 40-1 at ¶6.

provide facts showing a due process violation for which Mr. Schmidt was responsible.

Moreover, Plaintiff's allegations which are brought against Mr. Collins, Mr. Mack, Mr. Jackson, Mr. Walker, and Mr. Charles Davis are insufficient to state viable constitutional claims.  Supervisory officials are not liable for the actions taken by other officers, and lower level employees are not liable for decisions made by other officials.  Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010). The doctrine of respondeat superior or vicarious liability does not provide a basis for recovery under § l983.  Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing Monell v. Dep't of Soc. Srvcs, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)); see also Collins v. City of Harker Heights, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986).  Officials cannot be held liable for an alleged constitutional violation committed by another official as an "indirect participant."  See ECF No. 40-1 at ¶12.  Merely escorting an inmate or detainee to confinement is not a constitutional violation.  Plaintiff has not shown any involvement by Messrs. Walker or

Davis and not responding to notes from a prisoner is not a constitutional

violation.  *Id.* at ¶17-¶18.

Courts should "freely give leave" to amend a complaint "when justice

so requires."  Fed. R. Civ. P. 15(a)(2).  Justice is not required, however,

"where amendment would be futile."  Bryant v. Dupree, 252 F.3d 1161,

1163 (11th Cir. 2001); Watson v. Dep't of Corr., No. 3:14cv333-LC/CJK,

2014 WL 4145503, at *3 (N.D. Fla. Aug. 20, 2014).  Amendment would be

futile in this case because Plaintiff has not alleged a viable basis for his

claims against the newly proposed Defendants.  Therefore, Plaintiff's

motion for leave to amend should be denied.

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to

file an amended complaint, ECF No. 40, be **DENIED** because the proposed

fourth amended complaint, ECF No. 40-1, fails to state a claim upon which

relief may be granted.  It is further **RECOMMENDED** that this case be

**REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 7, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:16cv470–MW/CAS

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.